## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.

2:24-cv-14107



Shon A. Brooks, representative for SHON A. BROOKS and
Leah M. Brooks, representative for LEAH M. BROOKS
      Plaintiffs,

vs.

UNITED WHOLESALE MORTGAGE, LLC (UWM)
a Michigan Limited Liability Company
a Foreign Limited Liability Company in the State of Florida

NATIONSTAR MORTGAGE, LLC DBA AS MR. COOPER
a Delaware Limited Liability Company
a Foreign Limited Liability Company in the State of Florida

_____/

## COMPLAINT PERMANENT INJUNCTION AND OTHER RELIEF

Shon A. Brooks and Leah M. Brooks, as the natural living breathing people

for SHON A. BROOKS and LEAH M. BROOKS, Homo paleas, brings this action

against United Wholesale Mortgage, LLC (UWM), and Nationstar Mortgage, LLC,

DBA as Mr. Cooper, under 12 U.S. Code §5565, Section 6 of Real Estate Settlement

Procedures Act "RESPA", 12 U.S. Code §2605, Article I, Section 24 Florida

Constitution, Florida Statute 119.07, 18 U.S.C. §1341 Frauds and swindles, UCC

Article 8- 105, the Florida Deceptive and Unfair Trade Practices Act under Florida

Statute §501.204, the Fair Debt Collection Practices Act, 15 US Code §1692-

1692(k) and §807(2)(a), §807(8), §807(10), Uniform Commercial Code 3-301 (ii), CFPB 12 CFR Part 1024 (Regulation X) §1024.33 (a)(b)Real Estate Settlement Procedures Act (RESPA), §1031 and §1036 of the CFPA and the Securities and Exchange Act of 1933.

The Plaintiff's bring this action to obtain permanent injunctive relief, disgorgement, damages, civil monetary damages, restitution, refunds and any other relief for the Defendant's violations of Federal Consumer Financial law and Florida law.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction over this action because it is brought under Federal consumer financial law, 12 U.S. Code §5565(a)(1)(2)(B)(C)(D)(E)(c)(1)(2), presents a federal question, Title 28 U.S. Code §1331and is brought by Plaintiffs with an interest in the note and mortgage.

2. Venue is proper in this district under Title 28 U.S. Code §1391(b) because the Plaintiffs are natural persons with a permanent residency in the on Florida and the United States.

## PLAINTIFFS

3. Shon A. Brooks is a natural, living breathing man, who is an American State National with loyalty on Florida, The United States of America Constitution and the

Constitution on Florida and is a representative of the artificial person, SHON A. BROOKS.

4. Leah M. Brooks is a natural, living breathing woman, who is an American State National with loyalty on Florida, The United States of America Constitution and the Constitution on Florida and is a representative of the artificial person, LEAH M. BROOKS.

5. The Plaintiff, Shon A. Brooks is a business owner in Indian River County, Florida since 2010.

6. The Plaintiff, Leah M. Brooks is a business owner in Indian River County, Florida since 2009.

7. The Plaintiffs are domiciled in Indian River County, Florida and are the bona fide owners of the property in dispute in Vero Beach, Florida.

8. The Plaintiffs have Article III standing in this action because they have a genuine stake in the outcome of the case and have personally suffered qualitative injury that is traceable to the alleged unlawful actions, deceptive practices and wrongdoings of the Defendants which are redressable by a favorable decision by this Court.

9. The property at issue is located at 5820 33rd Street, Vero Beach, Florida, 32966.

## **DEFENDANTS**

10. United Wholesale Mortgage, LLC is a Michigan Limited Liability Company and a Foreign Limited Liability Company in the State of Florida.

11. United Wholesale Mortgage, LLC holds themselves out as the largest overall mortgage lender in the United States with a 2023 net worth of $301 million and is also known as "UWM".

12. United Wholesale Mortgage, LLC is an approved issuer for Ginnie Mae Department of Housing and Urban Development (HUD).

13. United Wholesale Mortgage, formally known as United Shore, is a publicly traded mortgage lending company founded in 1986 in Michigan and became a subsidiary of United Shore Financial Services, LLC, in 2002.

14. On December 14, 2020, United Shore Financial Services, LLC merged with United Wholesale Mortgage, LLC under one name as United Wholesale Mortgage, LLC (UWM).

15. Nationstar Mortgage, LLC is a Delaware Limited Liability Company with its principal place of business in Coppell, Texas and is a Foreign Limited Liability Company in the State of Florida.

16. Mr. Cooper is the current name under which Nationstar Mortgage, LLC does business.

17. Nationstar Mortgage, LLC d/b/a Mr. Cooper engages in servicing mortgage loans; processing borrower payments; administering loss mitigation processes; regular audits and inspections which help verify compliance with industry standards and regulations; ensure that borrower accounts are handled appropriately; provides various reports such as monthly default reporting; foreclosure reporting; Real Estate Owned management reports; maintains records related to borrowers' loans; and managing foreclosures by sending notices of default; conducting property inspections and managing pre-foreclosure sales or deed in lieu of foreclosure.

18. Mr. Cooper Group, Inc., is an umbrella corporation holding companies like Nationstar Mortgage, LLC and is one of the largest mortgage servicers in the United States with a servicing portfolio of approximately $937 billion and more than 4.3 million customers.

19. Nationstar Mortgage, LLC (ID 4052) is an approved issuer for Ginnie Mae, Department of Housing and Urban Development (HUD).

20. Nationstar Mortgage, LLC has been referenced as the servicer for the Plaintiffs' mortgage on the MERS website since June 2023 and U.S. Bank National Association, Trustees named Mr. Cooper as the servicer for the Plaintiff's Mortgage Loan.

21. UWM has referenced Nationstar Mortgage, LLC d/b/a Mr. Cooper as a debt collector for UWM.

22.Nationstar Mortgage, LLC d/b/a/ Mr. Cooper is subject to RESPA as a mortgage servicer of federally related mortgage loans.

23.At all times material hereto, Nationstar Mortgage, LLC d/b/a Mr. Cooper participated in the conduct of affairs of United Wholesale Mortgage, LLC (UWM) by preparing and filing a Corporate Assignment of Mortgage dated December 8, 2023, into the Official Records of Indian River County on January 4, 2024.

24.  United Wholesale Mortgage, LLC (UWM) and Nationstar Mortgage, LLC d/b/a Mr. Coopper, are "covered persons" pursuant to 12 U.S. Code §5481(6) because they offer and provide consumer financial services, which includes "extending credit and servicing loans" and "collecting debt" related to such loans, as defined under the CFPA, 12 U.S. Code §5481(15)(A)(i) and (x).

25.For the purpose of RESPA, a servicer is a person "responsible for servicing of a loan." 12 U.S. Code §2605(1)(2). Under RESPA, "servicing" means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan…and making the payments of principal, interest and any such payments with respect to the amounts received from the borrowers as may be required pursuant to the terms of the loan." 12 U.S. Code §2605(i)(3).

26.For the purposes of this proceeding, the Fair Debt Collection Practices Act (FDCPA) states that a business engaged in no more than nonjudicial foreclosure

proceedings is not a "debt collector: under the FDCPA, except for the limited purpose of §1692f(6).

27.Next, The FDCPA sets forth the limited-purpose definition, which states that for the purpose of section 1692f(6)..the term "debt collector" also includes any person…in any business the principal purpose of which is the enforcement of security interests."

28.Under these definitions, United Wholesale Mortgage, LLC (UWM) and Nationstar Mortgage, LLC d/b/a Mr. Cooper are subject to RESPA as mortgage servicers of federally related mortgage loans.

29.Further, United Wholesale Mortgage, LLC (UWM) and Nationstar Mortgage, LLC d/b/a Mr. Cooper are MBS Program Participant for Ginnie Mae's Digital Collateral program which provides the companies with technology to create a digital eNote by using the eClosing platform and robosigning of borrower's signatures. The eNotes should be registered with MERS upon execution.

## FACTUAL ALLEGATIONS
## BACKGROUND

30.The Plaintiffs refinanced their mortgage and Extreme Loans, LLC was the originator of the loan.

31.On or about March 15, 2023, the Plaintiffs received the Uniform Residential Loan Application, from Extreme Loans, LLC, for a federally backed loan, Freddie

Mac Form 65, and Fannie Mae form 1003, with a link to robo autograph the documents through DocMagic.

32. The Plaintiff's received the Closing Disclosure on April 11, 2023.

33. Also, prior to closing on May 8, 2023, United Wholesale Mortgage, LLC (UWM) named Mortgage Electronic Registration Systems, Inc. (MERS) as a separate corporation acting solely as a nominee for UWM and UWM's successors and assigns and mortgagee under the Plaintiff's Security Instrument.

34. On May 8, 2023, Extreme Loans, LLC sent a mobile notary to the Plaintiff's home for execution of the closing documents.

35. The mobile notary left a copy of the closing documents with the Plaintiffs, together with a blank copy of the Mortgage and the fully executed tangible original promissory note dated May 8, 2023.

36. Considering the foregoing, the Plaintiff's examined the Official Records in Indian River County Clerk of the Circuit Courts, and discovered that on May 17, 2023, UWM recorded the Plaintiff's beneficial interest as being in the name of United Wholesale Mortgage, LLC, the Original Lender of the loan dated May 8, 2023.

37. Meanwhile, UWM sold all ownership interest in the Plaintiff's payment stream (Intangible Obligation) to Government National Mortgage Association, Ginnie Mae (GNMA 2023-080 Trust), shortly after the May 8, 2023, execution but

failed to indorse the Tangible Note to the GNMA 2023-080 Trust or assign the mortgage to Ginnie Mae.

38. Whereas the Trust as a standalone party has not lawfully been conveyed the Plaintiff's Tangible Note, much less been filed of record as a secured creditor, Ginnie Mae and U.S. Bank believe they own the Plaintiff's Mortgage Loan. Attached is the Affidavit of Joseph R. Esquivel, Jr. as Exhibit A.

39. Nevertheless, UWM began a campaign of correspondence leading the Plaintiff's to believe they were the owners and servicers of the Plaintiff's Mortgage Loan. instructs the Plaintiff's to pay the mortgage to United Wholesale Mortgage in Dallas, Texas; however, the small bold print at the bottom of the letter states "The following disclosure is made pursuant to the requirements of the Fair Debt Collection Practices Act or other law or regulations; Nationstar Mortgage, LLC d/b/a Mr. Cooper is servicing your mortgage loan on behalf of UWM and is considered a debt collector."

40. On June 15, 2023, the Plaintiff's mailed a qualified written request, via Registered mail, to UWM requesting a copy of the original tangible promissory note amongst other requests for production of accounting ledgers, cash receipts for deposit of the tangible original promissory note, copies of assignments of the mortgage and questions for validation of the loan.

41. Of note, on or about August 1, 2023, the Plaintiff's ceased payment on the mortgage loan pending tangible validation of the loan and have not received consistent information or production of the requested documents from the qualified written request dated June 15, 2023.

42. In the following months, UWM mailed bi-weekly correspondence to the Plaintiff's naming a merged company, United Shore Financial Services, LLC, as the Servicer and owner of the Plaintiff's Mortgage Loan.

43. No assignments have been filed with MERS or in the Official Records of Indian River County for Nationstar Mortgage, LLC, or Mr. Cooper.

44. There is no ownership or partnership nexus between UWM and Nationstar Mortgage, LLC d/b/a Mr. Cooper.

45. UWM has not named, in any way, Nationstar Mortgage, LLC DBA Mr. Cooper as the Servicer of the loan.

46. UWM has not named, in any way, Government National Mortgage to the Plaintiff's Mortgage or Tangible Promissory Note dated May 8, 2023.

47. U.S. Bank National Association as Trustee is not named in any way to the Plaintiff's Mortgage or Tangible Promissory Note dated May 8, 2023.

48. Likewise, the Guaranteed REMIC Pass-Through Securities and MX Securities Ginnie Mae REMIC Trust 2023-080 is not named in any way to the Plaintiff's Mortgage or Tangible Promissory Note dated May 8, 2023.

49. As a result, there is no evidence that Guaranteed REMIC Pass-Through Securities and MX Securities Ginnie Mae REMIC Trust 2023-080 ever received an ownership interest in the tangible promissory note or mortgage.

50. Therefore, no one can claim the right to enforce the Plaintiff's Note.

51. Unfortunately, the Plaintiff's justifiably relied upon the misrepresentations of UWM which has caused egregious harm to the emotional and physical state of the Plaintiffs including but not limited to severe financial damage attempting to resolve the dispute and repair the credit damage inflicted by UWM and Nationstar Mortgage, LLC d/b/a Mr. Cooper.

## **DEFINITIONS RELEVENT TO THIS COMPLAINT**

52. The Securities and Exchange Act of 1934, under 17 CFR §240.15c1-2 for Fraud and Misrepresentation, defines manipulative, deceptive, or other fraudulent device or contrivance, to include any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

53. The Securities and Exchange Act of 1934, under 17 CFR §240.15c1-2 for Fraud and Misrepresentation, defines the terms manipulative, deceptive, or other fraudulent device or contrivance, to include any untrue statement or material fact and any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made , not misleading,

which statement or omission is made with knowledge or reasonable grounds to believe that it is untrue or misleading.

54. Under 8 U.S. Code §1324c, it is unlawful for any person or entity to knowingly forge, counterfeit, alter, or falsely make any to obtain benefits or satisfy requirements.

55. According to Florida Statute §817.535(2)(a) states that "A person who files or directs a filer to file, with the intent to defraud or harass another, any instrument containing a materially false, fictitious, or fraudulent statement or representation that purports to affect an owner's interest in the property described in the instrument commits a felony of the third degree."

56. Further, Florida Statute §817.535(1)(c)(d) state: "Instrument" means any judgment, mortgage, assignment, pledge, lien, financing statement, encumbrance, deed, lease, bill of sale, agreement, mortgage, notice of claim of lien, notice of levy, promissory note, mortgage note, release, partial release or satisfaction of any of the foregoing, or any other document that relates to or attempts to restrict the ownership, transfer, or encumbrance of or claim against real or personal property, or any interest in real or personal property."

(d)   "Official record" means the series of instruments, regardless of how they are maintained, which a clerk of the circuit court, or any person or entity designated by general law, special law, or county charter, is required or authorized by law to record.

57. The Plaintiffs are consumers and natural persons which have the right to privacy and freedom from abusive, deceptive, and unfair debt collection practices in accordance with 15 U.S. Code §1692(a)(3).

58. Nationstar Mortgage, LLC d/b/a Mr. Cooper is a "debt collector" as defined in 15 U.S.C. §1692a(6) and in numerous correspondence to the Plaintiffs from UWM.

59. An act or practice is unfair under the CFPA if "the act or practice causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers" and "such substantial injury is not outweighed by countervailing benefits to consumers or to competition." 12 U.S.C. § 5531(c).

## CLAIM I

## FRAUD AND MISREPRESENTATION

60. Plaintiffs incorporate by reference all of the foregoing paragraphs.

61. Ab initio, UWM knew they did not transfer the Plaintiff's mortgage from one party to another by way of a mortgage assignment; knew the Plaintiff's Tangible Note was not endorsed to Ginnie Mae; knew the Intangible Obligation was severed from the mortgage and Tangible Note and that all three are now unenforceable when they intentionally misrepresented their ownership interest to the Plaintiff's for financial gain.

62.UWM deceived and misled the Plaintiffs when they intentionally misrepresented United Shore Financial Services, LLC, as the Servicer and owner of the Plaintiff's Mortgage Loan in bi-weekly letters.

63.UWM intentionally deceived the Plaintiffs when they omitted information that Nationstar Mortgage, LLC d/b/a Mr. Cooper was the servicer of the Plaintiff's Mortgage Loan.

64.Notwithstanding the foregoing, in violation of 8 U.S. Code §1324c, and 18 U.S. Code §§1341 and 1343, UWM and Nationstar Mortgage, LLC d/b/a Mr. Cooper knowingly participated, devised and intended to devise a scheme to defraud when Nationstar Mortgage, LLC d/b/a Mr. Cooper secretly fabricated a Corporate Assignment of Mortgage transferring ownership interest of the Plaintiff's Mortgage Loan from MERS back to UWM for the purpose of obtaining the payment stream of the Plaintiffs or property through false or fraudulent pretenses, mailed and filed same into the Official Records of Indian River County Clerk of the Circuit Court, 3120240000557, BK 3671, PG 835 on January 4, 2024.

65.Nationstar Mortgage, LLC, d/b/a Mr. Cooper and UWM knew the filing of the "Corporate Assignment of Mortgage" dated December 8, 2023, did not and does not convey any legal rights to UWM to enforce the Plaintiff's promissory note but intentionally concealed the existence of the Corporate Assignment of Mortgage to obtain the benefit of foreclosing the Plaintiff's property.

66.Collectively, UWM and Nationstar Mortgage, LLC d/b/a Mr. Cooper falsely reported a default to the Plaintiff's credit bureaus when both companies fabricated documents, violated federal financial laws, knew the mortgage was disputed and made misrepresentations which lead to the Plaintiffs default.

67.UWM's consideration for the Plaintiff's Mortgage Loan is not in money or other valuable benefit and therefore the Plaintiff's loan is not a valid loan.

68.UWM, ab initio, fraudulently misrepresented themselves as the lender and servicer for the Plaintiff's Mortgage Loan without the six (6) month waiting period or a servicing endorsement.

69. UWM and Nationstar Mortgage, LLC d/b/a Mr. Cooper's fraudulent actions caused the Plaintiffs to suffer severe humiliation and embarrassment, emotional distress, and physical discomfort as well as other private and/or commercial damages.

## CLAIM II

## VIOLATIONS OF THE FEDERAL DEBT COLLECTION PRACTICES ACT (FDCPA)

70.Plaintiffs incorporate by reference all of the foregoing paragraphs.

71.The Plaintiffs have been the object of collections activity arising from consumer debt that UWM cannot enforce.

72.Nationstar Mortgage, LLC d/b/a Mr. Cooper, a debt collector, has been engaged in acts and omissions prohibited by the FDCPA and violation of 15 U.S.C.

1692e(8) by engaging in debt parking which was known or should be known to be false.

73. Further, under 15 U.S.C. 1692e (8), Nationstar Mortgage, LLC d/b/a Mr. Cooper violated the foregoing code by failing to communicate or respond to one (1) qualified written request and four (4) letters to resolve errors and from the Plaintiff.

74. UWM unlawfully hired McCalla, Raymer, Leibert, Perce, LLC (MRLP), a debt collection agency in Orlando, Florida masquerading as a "foreclosure law firm" to file a foreclosure action into the Official Records of Indian River County Clerk of Courts on March 10, 2024, on the Plaintiff's property, with knowledge that they do not have a genuine lawful interest in the property.

75. UWM made false statements by continuing to pursue collection of the Plaintiff's Intangible Obligation, which UWM sold to Ginnie Mae in May 2023, assigned MERS as mortgagee of the Plaintiff's Mortgage Loan, failed to indorse the Tangible Note or assign the mortgage to Ginnie Mae to keep the chain of title intact.

76. United Wholesale Mortgage, LLC (UWM) made deceiving statements to the Plaintiffs in over 45 letters misrepresenting themselves or United Shore Financial Services, LLC as the owner and servicer of the Plaintiff's Mortgage Loan.

77. Neither Nationstar Mortgage, LLC d/b/a Mr. Cooper nor UWM provided a written notification or validation notice of the debt validation requested in multiple letters within five (5) days or ever.

## CLAIM III

## VIOLATIONS OF THE CFPA

77.Plaintiffs incorporate by reference all of the foregoing paragraphs.

78.In numerous instances, UWM and Nationstar Mortgage, LLC d/b/a Mr. Cooper's attempts to conceal and cover up their actions were likely to cause substantial injury to the Plaintiffs and is not outweighed by countervailing benefits to consumers or to competition.

79.The Plaintiff's personal credit and business credit was negatively impacted by UWM and Nationstar Mortgage, LLC d/b/a Mr. Cooper's derogatory reporting to the three (3) credit bureaus for the Plaintiff.

80.UWM and Nationstar Mortgage, LLC d/b/a Mr. Cooper's unwillingness to answer the Plaintiff's qualified written request and produce documents to validate their ownership/servicer interest over the course of ten (10) months, which, among other things, has left the Plaintiff's in a financial limbo resulting in prolonged delinquency, stress, uncertainty and severe emotional distress.

81.The Plaintiffs could not reasonably avoid the injuries because the acts and fraudulent misrepresentations of UWM were made in secret without notice to the Plaintiffs and only discoverable when the Plaintiffs hired a private investigator at great expense.

82. Further, the Plaintiffs count not reasonably avoid the injuries because the acts and omissions of UWM and Nationstar Mortgage, LLC d/b/a Mr. Cooper made it impossible for the Plaintiffs to know who, where and when to resolve the issue.

## CLAIM IV

## FEDERAL REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

83. Plaintiffs incorporate by reference all of the foregoing paragraphs.

84. The loan impacted by the allegations herein is a federally related mortgage loan.

85. UWM mailed a letter on May 17, 2023, and May 31, 2023, naming themselves Servicer of the Plaintiff's Mortgage Loan therefore on June 15, 2023, the Plaintiff's mailed their only qualified written request to UWM to obtain information regarding the account.

86. UWM responded with intentional misrepresentations to the Plaintiffs stating **"Under RESPA and Regulation X, we are not required to respond to requests for information that are duplicative and substantially the same as previous requests. Your "third and most recent request received on July 17, 2023, seeks substantially the same information as requested in your previous two letters."**

87. Lastly, in numerous mailings, UWM named a shell company, United Shore Financial Services, LLC as the servicer, owner and Investor of the Plaintiffs Mortgage Loan.

## CERTIFICATION OF POSSESSION OF ORIGINAL NOTE

The undersigned hereby certifies:

1. That plaintiff is in possession of the original promissory note upon which this action is brought.

2. The location of the original promissory note is: 5820 33rd Street, Vero Beach, Florida 32966.

3. The name and title of the person giving the certification is: Shon A. Brooks and Leah M. Brooks, owners, and Holders of the Tangible Promissory Note

4. The name of the person who personally verified such possession is: Shon A. Brooks and Leah M. Brooks.

5. The time and date on which possession was verified were: On or about June 5, 2023.

6. Correct copies of the note (and, if applicable, all endorsements, transfers, alonges, or assignments of the note) are attached to this certification.

7. I give this statement based on my personal knowledge.

8. Under penalties of perjury, we declare that we have read the foregoing Certification of Possession of Original Note and that the facts stated in it are true.

9. Executed on April 9, 2024.

## **PRAYER FOR RELIEF**

The Plaintiffs, pursuant to 12 U.S. Code §5565 in its entirety, Sections 1054 and 1055 of the CFPA and the Court's own equitable powers, requests that the Court:

1. Award such relief as the Court finds necessary to redress the Plaintiffs injuries, including, but not limited to, rescission; refund moneys; restitution; compensation for unjust enrichment; and payment of damages or other monetary relief;

2. Award such relief as the Court finds necessary to disgorge UWM and Nationstar Mortgage, LLC d/b/a Mr. Cooper of unlawful gains;

3. Award civil money damages against UWM and Nationstar Mortgage, LLC d/b/a Mr. Cooper for economic damages and non-economic damages.

4. Plaintiffs request punitive damages in accordance with Federal law and Florida Statute §768.73 for the scheme motivated solely by unreasonable financial gain or unauthorized foreclosure of real property by UWM and Nationstar Mortgage, LLC d/b/a Mr. Cooper in the amount of $4,000,000.00 or nine times the value of proven damages, whichever is greater.

5. Award costs against UWM and Nationstar Mortgage, LLC d/b/a Mr. Cooper;

6. Award any additional relief as the Court may deem just and proper.

Dated:  April 9, 2024

Respectfully submitted

Sincerely, and All Rights Reserved
Without Prejudice


Shon A. Brooks, sur juris
5820 33rd Street
Vero Beach, Florida 32966
shonbrooks@comcast.net
Without Recourse


Leah M. Brooks, sur juris
5820 33rd Street
Vero Beach, Florida 32966
leahbrooks0912@gmail.com
Without Recourse